## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In re:

CASE NO.: 05-40913-BKC-LMI
Chapter 7

**MMH AUTOMOTIVE GROUP, LLC**

Debtor.

_____/

### TRUSTEE'S MOTION FOR ORDER (1) APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES; AND (2) AUTHORIZING PAYMENT OF FIRST MORTGAGE, REAL ESTATE TAXES, BREAKUP FEE AND ANY OTHER LIENS, COSTS OR ENCUMBRANCES

Joel L. Tabas, Chapter 7 Trustee of the bankruptcy estate of MMH Automotive Group, LLC ("Trustee/Plaintiff"), through counsel, pursuant to 11 U.S.C. § 363, Rule 6004 of the Federal Rules of Bankruptcy Procedure and Local Rule 6004-1(B), hereby files his Motion for Order (1) Approving Sale of Real Property Free and Clear of Liens and Encumbrances; and (2) Authorizing Payment of First Mortgage, Real Estate Taxes, Breakup Fee and Any Other Liens, Costs or Encumbrances (the "Motion"), and as grounds therefore states as follows:

### Jurisdiction and Venue

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (N).

3.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.

### Procedural and Factual Background

4.     On September 25, 2005, the Debtor, MMH Automotive Group, LLC ("MMH"), filed a voluntary Chapter 7 petition.  On September 27, 2005, the Trustee was appointed as Chapter 7 Trustee for MMH.

CASE NO.: 05-40913-BKC-LMI

5.      On February 2, 2006, the Trustee/Plaintiff filed his Amended Complaint to Avoid Fraudulent Transfers and to Recover Property against Global Automotive Group, LLC ("Global") and G.A.G. Realty, Inc. ("GAG")(Global and GAG shall be collectively referred to as "Defendants") pursuant to 11 U.S.C. §§ 548 and 550 (the "Amended Complaint").  The transfers sought to be avoided included (a) a Mazda Dealership and related assets (collectively the "Dealership Assets") transferred to Global on August 8, 2005 and (b) the Real Property upon which the Dealership is situated transferred to GAG on July 13, 2005 (the "Real Property").

6.      On January 26, 2007, this Court entered its Second Amended Final Judgment Against Global Automotive Group, LLC and G.A.G. Realty, Inc. (D.E. # 233) (the "Judgment"), pursuant to which, the transfer of the Real Property[1] to the Defendant, GAG, was determined to be an avoidable transfer pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B) and said transfer was avoided.

7.      Therefore, the Trustee now holds title to the Real Property.

**The Proposed Sale**

**THE SALE OF THE PROPERTY IS "AS IS", AND WITHOUT WARRANTIES OF ANY NATURE AND FREE AND CLEAR OF LIENS, SECURITY INTERESTS, AND ENCUMBRANCES.**

8.      The Trustee has received an offer from S.A.G. Realty, LLC (the "Proposed Buyer" or "SAG") to purchase the Real Property for the sum of Five Million Dollars ($5,000,000.00) free and clear of liens and encumbrances (the "Proposed Sale").

---

[1]    The underlying real property upon which the Mazda Dealership is situated, commonly known as 18010 S. Dixie Highway, Miami, FL 33157 is referred to as the "Real Property".

2

CASE NO.: 05-40913-BKC-LMI

9.      The Trustee and SAG have entered into a Commercial Contract subject to Bankruptcy Court Approval, dated February 12, 2007 (the "Contract").  A true and correct copy of the Contract is attached hereto as Exhibit "1".

10.     As of February 13, 2007, the Trustee has received in escrow the deposit required by the Contract of $100,000.00.

11.     The Trustee believes that the value of the Estate's interest in the Real Property will be maximized if the Trustee is authorized to sell the Real Property to SAG.

12.     The Trustee requests this Court to approve the Proposed Sale and Contract out of the ordinary course of business, pursuant to 11 U.S.C. § 363(b), which states: "[t]he Trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

13.     Because the Trustee and SAG have each acted in good faith, the Trustee believes that SAG is entitled to the protections of a good faith purchaser under 11 U.S.C. § 363(m).  In the absence of a stay pending appeal, the Trustee seeks authority  to close on the Proposed Sale and Contract on or before March 15, 2007.

14.     The Trustee believes that the offer tendered by SAG is the highest and best price currently available for the Real Property.  Thus, the proposed sale to SAG is in the best interest of the Estate and all creditors.

### Sale Free and Clear

15.     The Trustee believes, however, that certain creditors may assert liens or other interests against the Real Property being sold to SAG, including Miami-Dade County for taxes and 1st National Bank of South Florida, which holds the first mortgage on the Real Property.

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

CASE NO.: 05-40913-BKC-LMI

16.     To the extent necessary, the Trustee requests that this Court approve the sale of the Real Property to SAG free and clear of any liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f), with such liens, claims or encumbrances, if any, attaching to the sale proceeds.  Section 363(f) allows a debtor-in-possession to:

> ... sell property under subsection (b)... of this section free and clear of any interest in such property of an entity other than the estate, only if –

(1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

17.     The Trustee may sell assets free and clear of liens and interests in such property, because applicable non-bankruptcy law permits the sale in accordance with §363(f)(1), because the creditors with competing interests therein have consented pursuant to §363(f)(2), because the claimed interests are subject to a *bona fide* dispute, in accordance with §363(f)(4), and because these creditors could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest, pursuant to §363(f)(5).

4

18.     Moreover, any creditors with valid interests in the assets will be protected insofar as their interests, if any, will attach to the proceeds of the sale.  *See, e.g., In re Lady H Coal Co., Inc.*, 193 B.R. 233 (Bankr. S.D. W.Va. 1996); *In re Creative Restaurant Management, Inc.*, 141 B.R. 173 (Bankr. W.D. Mo. 1992) (vacated upon settlement and request of parties, 150 B.R. 232).

19.     The proposed sale of the Real Property pursuant to this Motion is permitted by the Bankruptcy Code.  11 U.S.C § 363(b); *In re Continental Airlines, Inc.*, 780 F.2d 1223 (5th Cir. 1986); *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986).

### Sound Business Purpose

20.     With respect to satisfying the elements of the "sound business purpose" test[2], the Trustee asserts that the sale of the Real Property to SAG will maximize the value of the Estate's interest in the Real Property, as the Real Property is not currently generating revenue for the Estate.  In addition, creditors and other parties in interest will receive accurate and reasonable notice of the terms of the Proposed Sale through this Motion.  The consideration for the Proposed Sale is adequate and reasonable under the circumstances.  The proceeds should be sufficient to provide creditors with a very high percentage recovery on their claims.  Thus, the Proposed Sale to SAG is in the best interest of the Estate and all creditors.

21.     Without approval of the Proposed Sale, there is no assurance that the Trustee will be able to equally monetize the Estate's interest in the Real Property in the

---

[2]  *See In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

near future.  What is assured, however, is the continued accrual of interest due on the mortgage at default rate and real property taxes.

### Consideration of Competing Bids

22.     Under 11 U.S.C. § 363, the Proposed Sale is subject to higher and better offers.

23.     At the hearing, the Court shall select the highest and best bid for the Real Property after considering the recommendations of the Trustee and other interested parties.

### Requested Bid Procedures

24.     Any party wishing to submit a higher and better offer for the Real Property shall be required to tender a $100,000.00 bid deposit, in cleared funds, twenty four (24) hours prior to the hearing on this Motion.  The bidding shall be conducted at the hearing in $100,000.00 increments.

25.     Additionally, pursuant to Contract, the Trustee is required to seek approval of this Court for a Breakup Fee in the amount of $10,000.00 (the "Breakup Fee") due to SAG if SAG is not approved or the successful purchaser of the Real Property.

26.     Accordingly, the Trustee requests that any and all subsequent purchase offer(s) on the Real Property (other than those made by SAG), at the time of the hearing on the approval of the sale described in this Motion, be required to include the Breakup Fee as part of said offer(s).

27.     Moreover, unless otherwise provided by the Court, any successful bidder other than SAG must immediately enter into a contract for the purchase of the Real

6

CASE NO.: 05-40913-BKC-LMI

Property in substantially the same form as the Contract and be willing to close within three (3) business days as provided below.

### Closing

28.    The Trustee seeks authority to close on the sale of the Real Property immediately upon Court approval, with SAG or the successful bidder required to pay the purchase price within three (3) business days of the Court's approval. If SAG or the successful bidder, as the case may be, fails to timely close, the Trustee seeks authority to close the sale transaction with the next highest bidder (the "Back-up Bidder"). The Back-up Bidder shall similarly be required to close within three (3) business days of the Court's approval of the sale.

### Authorization to Pay First Mortgage, Real Estate Taxes, Breakup Fee and Any Other Liens, Costs or Encumbrances

29.    The first mortgage on the Real Property is held by 1st National Bank of South Florida in the approximate amount of $2,588,649.36. However, to date, the Trustee has not received the benefit of review and approval of the breakdown of the estoppel figures provided by 1st National Bank of South Florida.

30.    Currently property taxes are due on the Real Property to Miami-Dade County in the approximate amount of $347,291.62.

31.    The Trustee seeks approval to pay the first mortgage on the Real Property to 1st National Bank of South Florida and the property taxes to Miami-Dade County, once he has had an opportunity to review and establish the proper amounts due and owing.

32.    The Trustee also seeks approval to disburse the Breakup Fee to SAG within ten (10) days from the Closing Date.

7

CASE NO.: 05-40913-BKC-LMI

33.    Finally, the Trustee seeks approval of payment of any other liens, costs or encumbrances for which the Trustee is responsible pursuant to the terms of the Contract, or which the Trustee otherwise deems necessary to effectuate the sale and transfer of the Real Property free and clear of liens and encumbrances.

**WHEREFORE,** Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of MMH Automotive Group, LLC , requests that this Court enter an Order:

A.    Approving the sale of the Real Property for the purchase price of $5,000,000.00;

B.    Authorizing the following payments after review and establishment by the Trustee of the proper amounts due and owing, if any:

(i) payment of the first mortgage due to 1st National Bank of South Florida of approximately $2,588,649.36 plus any pending amount due at the time of payment, as full and final satisfaction of 1st National Bank of South Florida's mortgage on the Property;

(ii) payment of all outstanding property taxes due to Miami-Dade County of approximately $347,291.62, plus any pending amount due at the time of payment;

(iii) payment of the Breakup Fee in the amount of $10,000.00 due to SAG if SAG is not approved or the successful purchaser of the Real Property;

(iv) payment of any liens, costs or encumbrances for which the Trustee is responsible pursuant to the terms of the Contract, or which the Trustee otherwise deems necessary to effectuate the sale and transfer of the Real Property free and clear of liens and encumbrances; and

(v) authorizing the Trustee to execute any and all documents necessary to effectuate the transaction described herein; and

8

*CASE NO.: 05-40913-BKC-LMI*

C.    For such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic transmission or U.S. Mail this 14th day of February, 2007, to: **Gregory Garno, Esquire**, Genovese, Joblove & Battista, P.A., Attorneys for Global Automotive Group, LLC, and G.A.G. Realty, Inc.,100 S.E. Second St., 44th Floor, Miami, FL 33131; **Rod Rifai**, c/o Kendall Kia, 17120 South Dixie Hwy, Miami, Florida 33157; **Robert A. Bass, Esquire**, Myers & Fuller, P.A., 2822 Remington Green Cir., Tallahassee, FL 32312; **Steven Mishan, Esquire**, Law Offices of Steven Mishan, P.A., 848 Brickell Avenue, Suite 1100, Miami, Florida 33131, and all other interested parties listed on the attached service list.

Respectfully Submitted,


_/s/ Gary M. Freedman_____
Gary M. Freedman
Florida Bar No.: 727260
TABAS, FREEDMAN, SOLOFF & MILLER, P.A.
Attorneys for Joel L. Tabas, Trustee
25 Southeast 2nd Avenue - Suite 919
Miami, Florida 33131-1538
Telephone: (305) 375-8171
Telefax: (305) 381-7708
E-mail: gfreedman@tfsmlaw.com


G:\Clients\UNION\TRUSTEE\MMH Automotive 05-10913\Pleadings\M approve sale of real property.001.wpd{2/14/7-11:46}

TABAS, FREEDMAN, SOLOFF & MILLER, P.A. • THE INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 919, MIAMI, FLORIDA 33131-1538 • (305) 375-8171

**Commercial Contract**
**FLORIDA ASSOCIATION OF REALTORS®**

1  **1. PURCHASE AND SALE:** *Rod RIFAI  or ASSIGNS*
2
3  agrees to buy and                                                                                              ("Buyer"),
4  *JOEL L. TABAS, TRUSTEE OF THE BANKRUPTCY ESTATE OF HHH Automotive Group* LLC
5  agree to sell the property described as:                                                                       ("Seller").
6  Street Address:

7  Legal Description:
8  *REFER  to "ADDENDUM to Commercial Contract"*
9
10  *FOLIO  No. 3050320520010*

11  and the following Personal Property:

12  *NONO*
13
14

15  (all collectively referred to as the "Property") on the terms and conditions set forth below. The "Effective Date" of this
16  Contract is the date on which the last of the Parties signs the latest offer. Time is of the essence in this Contract. Time
17  periods of 5 days or less will be computed without including Saturday, Sunday, or national legal holidays and any time period
18  ending on a Saturday, Sunday or national legal holiday will be extended until 5:00 p.m. of the next business day.

19  **2. PURCHASE PRICE:**
20      (a) Deposit held in escrow by *JOEL L. TABAS  TRUSTEE*                               $ 5,000,000.⁰⁰
21      (b) Additional deposit to be made within _____ days from Effective Date           $ 100,000.⁰⁰
22      (c) Total mortgages (as referenced in Paragraph 3)                                 $
23      (d) Other:                                                                         $
24      (e) Balance to close, subject to adjustments and prorations,
25      to be made with cash, locally drawn certified or cashier's check or wire transfer.  $ 4,900,000.⁰⁰

26  ~~3. THIRD PARTY FINANCING: Within _____ days from Effective Date ("Application Period"), Buyer will, at Buyer's expense,~~
27  ~~apply for third-party financing in the amount of _____ or _____ % of the purchase price to be~~
28  ~~amortized over a period of _____ years and due in no less than _____ years and with a fixed interest rate not to exceed~~
29  ~~☐ _____ % per year or variable interest rate not to exceed ☐ _____ % at origination with a lifetime cap not to~~
30  ~~exceed _____ % from initial rate, with additional terms as follows:~~
31
32
33

34  ~~Buyer will pay for the mortgagee title insurance policy and for all loan expenses. Buyer will timely provide any and all credit,~~
35  ~~employment, financial and other information reasonably required by any lender. Buyer will notify Seller immediately upon~~
36  ~~obtaining financing or being rejected by a lender. If Buyer, after diligent effort, fails to obtain a written commitment within~~
37  ~~_____ days from Effective Date ("Financing Period"), Buyer may cancel the Contract by giving prompt notice to Seller~~
38  ~~and Buyer's deposit(s) will be returned to Buyer in accordance with Paragraph 9.~~

39  Buyer (_____) (_____) and Seller (_____) (_____) acknowledge receipt of a copy of this page, which is Page 1 of 5 Pages.
CC-2 © 1997 Florida Association of Realtors. All Rights Reserved.  Licensed to Alta Star Software.    User Reg# 2Y03PT3VNXMFS2XH-1021
Software and Added Formatting Copyright 2004 Alta Star Software, Inc. All Rights Reserved. (305) 279-8898

ALTA
STAR

**EXHIBIT**
**"1"**

4. **TITLE:** Seller has the legal capacity to and will convey marketable title to the Property by ☐ statutory warranty deed ☒ other _TRUSTEES DEED_ _____ , free of liens, ~~easements and encumbrances~~ of record or known to Seller, but subject to property taxes for the year of closing; covenants, restrictions and public utility easements of record; and (list any other matters to which title will be subject)_____ provided there exists at closing no violation of the foregoing and none of them prevents Buyer's intended use of the Property as _____

(a) **Evidence of Title:** Seller will, at (check one) ☐ Seller's ☒ Buyer's expense and within _30_ days ☒ from Effective Date ☐ prior to Closing Date ☐ from date Buyer meets or waives financing contingency in Paragraph 3, deliver to Buyer (check one)
☒ a title insurance commitment by a Florida licensed title insurer and, upon Buyer recording the deed, an owner's policy in the amount of the purchase price for fee simple title subject only to exceptions stated above.
☐ an abstract of title, prepared or brought current by an existing abstract firm or certified as correct by an existing firm. However, if such an abstract is not available to Seller, then a prior owner's title policy acceptable to the proposed insurer as a base for reissuance of coverage. The prior policy will include copies of all policy exceptions and an update in a format acceptable to Buyer from the policy effective date and certified to Buyer or Buyer's closing agent together with copies of all documents recited in the prior policy and in the update.

(b) **Title Examination:** Buyer will, within 15 days from receipt of the evidence of title deliver written notice to Seller of title defects. Title will be deemed acceptable to Buyer if (1) Buyer fails to deliver proper notice of defects or (2) Buyer delivers proper written notice and Seller cures the defects within _10_ days from receipt of the notice ("Curative Period"). If the defects are cured within the Curative Period, closing will occur within 10 days from receipt of Buyer of notice of such curing. Seller may elect not to cure defects if Seller reasonably believes any defect cannot be cured within the Curative Period. If the defects are not cured within the Curative Period, Buyer will have 10 days from receipt of notice of Seller's inability to cure the defects to elect whether to terminate this Contract or accept title subject to existing defects and close the transaction without reduction in purchase price. The party who pays for the evidence of title will also pay related title service fees including title and abstract charges and title examination.

(c) **Survey:** (check applicable provisions below)
☐ Seller will, within_____ days from Effective Date, deliver to Buyer copies of prior surveys, plans, specifications, and engineering documents, if any, and the following documents relevant to this transaction:_____ prepared for Seller or in Seller's possession, which show all currently existing structures.
☒ Buyer will, at ☐ Seller's ☒ Buyer's expense and within the time period allowed to deliver and examine title evidence, obtain a current certified survey of the Property from a registered surveyor. If the survey reveals encroachments on the Property or that the improvements encroach on the lands of another, ☐ Buyer will accept the Property with existing encroachment ☒ such encroachments will constitute a title defect to be cured within the Curative Period.

(d) **Ingress and Egress:** Seller warrants that the Property presently has ingress and egress.

(e) **Possession:** Seller will deliver possession ~~and keys for all locks and alarms~~ to Buyer at closing.

5. **CLOSING DATE AND PROCEDURE:** This transaction will be closed in _Miami-Dade_ County, Florida on or before _MARCH 15, 2007_ or within _____ days from Effective Date ("Closing Date"), unless otherwise extended herein. ☐ Seller ☒ Buyer will designate the closing agent. Buyer and Seller will, within _10_ days from Effective Date, deliver to Escrow Agent signed instructions which provide for closing procedure. If an institutional lender is providing purchase funds, lender requirements as to place, time of day, and closing procedures will control over any contrary provisions in this Contract.

(a) **Costs:** Buyer will pay taxes and recording fees on notes, mortgages and financing statements and recording fees for the deed. Seller will pay taxes on the deed and recording fees for documents needed to cure title defects. If Seller is obligated to discharge any encumbrance at or prior to closing and fails to do so, Buyer may use purchase proceeds to satisfy the encumbrances.

(b) **Documents:** Seller will provide the _TRUSTEES_ deed, bill of sale, mechanic's lien affidavit, ~~assignments of leases, updated rent roll, tenant and lender estoppel letters, assignments of permits and licenses, corrective instruments and letters notifying tenants of the change in ownership. If any tenant refuses to execute an estoppel letter, Seller will certify that information regarding the tenant's lease is correct. If Seller is a corporation, Seller will deliver a resolution of its Board of Directors authorizing the sale and delivery of the deed and certification by the corporate Secretary certifying the resolution and setting forth facts showing the conveyance conforms with the requirements of local law. Seller will transfer security deposits to~~ Buyer. Buyer will provide the closing statement, mortgages and notes, security agreements and financing statements.

Buyer (_____) (_____) and Seller (_____) (_____) acknowledge receipt of a copy of this page, which is Page 2 of 5 Pages.

CC-2 © 1997 Florida Association of Realtors. All rights reserved. Licensed to Alta Star Software Software and Added Formatting Copyright 2004 Alta Star Software, Inc. All Rights Reserved. (305) 279-8858



(c) Taxes, Assessments, and Prorations: The following items will be made current and prorated
☒ as of Closing Date ☐ as of _____ real estate taxes, bond and assessment payments
assumed by Buyer, interest, rents, association dues, insurance premiums acceptable to Buyer, operational expenses
and _____. If the amount of taxes and
assessments for the current year cannot be ascertained, rates for the previous year will be used with due allowance being
made for improvements and exemptions. Seller is aware of the following assessments affecting or potentially affecting
the Property: N/A _____. Buyer will be responsible
for all assessments of any kind which become due and owing on or after Effective Date, unless the improvement is
substantially completed as of Closing Date, in which case Seller will be obligated to pay the entire assessment.

(d) FIRPTA Tax Withholding: The Foreign Investment in Real Property Act ("FIRPTA") requires Buyer to withhold at
closing a portion of the purchase proceeds for remission to the Internal Revenue Service ("I.R.S.") if Seller is a "foreign
person" as defined by the Internal Revenue Code. The parties agree to comply with the provisions of FIRPTA and to
provide, at or prior to closing, appropriate documentation to establish any applicable exemption from the withholding
requirement. If withholding is required and Buyer does not have cash sufficient at closing to meet the withholding
requirement, Seller will provide the necessary funds and Buyer will provide proof to Seller that such funds were properly
remitted to the I.R.S.

6. ESCROW: Buyer and Seller authorize JOEL L. TABAS, TRUSTEE
Telephone: 305-775-8171  Facsimile: 305-301-1708
Address: 25 SE 2nd Avenue, Suite 411, Miami, FL 33131
Agent" to receive funds and other items and, subject to clearance, disburse them in accordance with the terms of this
Contract. Escrow Agent will deposit all funds received in ☐ a non-interest bearing escrow account ☐ an interest bearing
escrow account with interest accruing to _____ with interest disbursed (check one):
☐ at closing ☐ at _____ intervals. If Escrow Agent receives conflicting demands or has a good faith
doubt as to Escrow Agent's duties or liabilities under this Contract, he/she may (a) hold the subject matter of the escrow until
the parties mutually agree to its disbursement or until issuance of a court order or decision of arbitrator determining the parties'
rights regarding the escrow or (b) deposit the subject matter of the escrow with the clerk of the circuit court having jurisdiction
over the dispute. Upon notifying the parties of such action, Escrow Agent will be released from all liability except for the duty
to account for items previously delivered out of escrow. If a licensed real estate broker, Escrow Agent will comply with
applicable provisions of Chapter 475, Florida Statutes. In any suit or arbitration in which Escrow Agent is made a party
because of acting as agent hereunder or interpleads the subject matter of the escrow, Escrow Agent will recover reasonable
attorneys' fees and costs at all levels, with such fees and costs to be paid from the escrowed funds or equivalent and charged
and awarded as court or other costs in favor of the prevailing party. The parties agree that Escrow Agent will not be liable to
any person for misdelivery to Buyer or Seller of escrowed items, unless the misdelivery is due to Escrow Agent's willful breach
of this Contract or gross negligence.

7. PROPERTY CONDITION: Seller will deliver the Property to Buyer at the time agreed in its present "as is" condition,
ordinary wear and tear excepted, and will maintain the landscaping and grounds in a comparable condition. Seller makes no
warranties other than marketability of title. By accepting the Property "as is," Buyer waives all claims against Seller for any
defects in the property. (Check (a) or (b))

☐ (a) As Is:  Buyer has inspected the Property or waives any right to inspect and accepts the Property in its "as is"
condition.

☒ (b) Due Diligence Period:  Buyer will, at Buyer's expense and within  30  days from Effective Date ("Due
Diligence Period"), determine whether the Property is suitable, in Buyer's sole and absolute discretion, for Buyer's intended
use and development of the Property as specified in Paragraph 4. During the Due Diligence Period, Buyer may conduct any
tests, analyses, surveys and investigations ("Inspections") which Buyer deems necessary to determine to Buyer's
satisfaction the Property's engineering, architectural, environmental properties; zoning and zoning restrictions; flood zone
designation and restrictions; subdivision regulations; soil and grade; availability of access to public roads, water, and other
utilities; consistency with local, state and regional growth management and comprehensive land use plans; availability of
permits, government approvals and licenses; compliance with American with Disabilities Act; absence of asbestos, soil and
ground water contamination; and other inspections that Buyer deems appropriate to determine the suitability of the Property
for Buyer's intended use and development. Buyer shall deliver written notice to Seller prior to the expiration of the Due
Diligence Period of Buyer's determination of whether or not the Property is acceptable. Buyer's failure to comply with this
notice requirement shall constitute acceptance of the Property in its present "as is" condition. Seller grants to Buyer, its
agents, contractors and assigns, the right to enter the Property at any time during the Due Diligence Period for the purpose
of conducting Inspections; provided, however, that Buyer, its agents, contractors and assigns enter the Property and
conduct Inspections at their own risk. Buyer shall indemnify and hold Seller harmless from losses, damages, costs, claims
and expenses of any nature, including attorneys' fees at all levels, and from liability to any person, arising from the conduct
of any and all inspections or any work authorized by Buyer. Buyer will not engage in any activity that could result in a
mechanic's lien being filed against the Property without Seller's prior written consent. In the event this transaction does not
close, (1) Buyer shall repair all damages to the Property resulting from the Inspections and return the Property to the
condition it was in prior to conduct of the Inspections, and (2) Buyer shall, at Buyer's expense, release to Seller all reports
and other work generated as a result of the Inspections. Should Buyer deliver timely notice that the Property is not
acceptable, Seller agrees that Buyer's deposit shall be immediately returned to Buyer and the Contract terminated.

Buyer ( _____ ) ( _____ ) and Seller ( _____ ) ( _____ ) acknowledge receipt of a copy of this page, which is Page 3 of 5 Pages.

CC-3 © 1997 Florida Association of Realtors. All rights reserved. Licensee to Alta Star Software.
Software and Added Formatting Copyright 2004 Alta Star Software, Inc. All Rights Reserved. (305) 279-8898

~~(c) Walk through inspection: Buyer may, on the day, prior to closing or any other time mutually agreeable to the parties,
conduct a final walk through inspection of the Property to determine compliance with this paragraph and to ensure that all
Property is on the premises.~~

(d) Disclosures:

1. Radon Gas: Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient
quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and
state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be
obtained from your county public health unit.

2. Energy Efficiency: Buyer may have determined the energy efficiency rating of the building, if any is located on the
Real Property.

8. OPERATION OF PROPERTY DURING CONTRACT PERIOD: Seller will *NoT* continue to operate the Property and any
business conducted on the Property in the manner operated prior to Contract and will take no action that would adversely
impact the Property, tenants, lenders or business, if any. Any changes, such as renting vacant space, that materially affect the
Property or Buyer's intended use of the Property will be permitted ☐ only with Buyer's consent ☐ without Buyer's
consent.

9. RETURN OF DEPOSIT: Unless otherwise specified in the Contract, in the event any condition of this Contract is not met
and Buyer has timely given any required notice regarding the condition having not been met, Buyer's deposit will be returned
in accordance with applicable Florida laws and regulations.

10. DEFAULT:

(a) In the event the sale is not closed due to any default or failure on the part of Seller other than failure to make the title
marketable after diligent effort, Buyer may either (1) receive a refund of Buyer's deposit(s)  or  (2)  seek  specific
performance. If Buyer elects a deposit refund, Seller will be liable to Broker for the full amount of the brokerage fee.

(b) In the event the sale is not closed due to any default or failure on the part of Buyer, Seller may either (1) retain  all
deposit(s) paid or agreed to be paid by Buyer as agreed upon liquidated damages, consideration for the execution of this
Contract, and in full settlement of any claims, upon which this Contract will terminate or (2) seek specific performance if
Seller retains the deposit, Seller will pay the Listing and Cooperating Brokers named in Paragraph 12 fifty percent of all
forfeited deposits retained by Seller (to be split equally among the Brokers) up to the full amount of the brokerage fee.

11. ATTORNEY'S FEES AND COSTS: In any claim or controversy arising out of or relating to this Contract, the prevailing
party, which for purposes of this provision will include Buyer, Seller and Broker, will be awarded reasonable attorneys' fees,
costs and expenses.

12. BROKERS: Neither Buyer nor Seller has utilized the services of, or for any other reason owes compensation to, a
licensed real estate Broker other than:

(a) Listing Broker     *N/A* _____
who is  ☐ an agent of _____
☐ a transaction broker  ☐ a nonrepresentative and who will be
compensated by ☐ Seller ☐ Buyer ☐ both parties pursuant to  ☐ a listing agreement  ☐ other (specify):
_____

(b) Cooperating Broker:  *N/A* _____
who is  ☐ an agent of _____
☐ a transaction broker  ☐ a nonrepresentative and who will be
compensated by ☐ Buyer ☐ Seller ☐ both parties pursuant to  ☐ an MLS or other offer of compensation to a
cooperating broker ☐ other (specify) _____
(collectively referred to as 'Broker') in connection with any act relating to the Property, including but not limited to inquiries,
introductions, consultations and negotiations resulting in this transaction. Seller and Buyer agree to indemnify and hold Broker
harmless from and against: losses, damages, costs and expenses of any kind, including reasonable attorneys' fees at all
levels, and from liability to any person, arising from (1) compensation claimed which is inconsistent with the representation in
this Paragraph, (2) enforcement action to collect a brokerage fee pursuant to Paragraph 10, (3) any duty accepted by Broker
at the request of Buyer or Seller, which duty is beyond the scope of services regulated by Chapter 475, F.S., as amended, or
(4) recommendations of or services provided and expenses incurred by any third party whom Broker refers, recommends or
retains for or on behalf of Buyer or Seller.

13. ASSIGNABILITY; PERSONS BOUND: This Contract may be assigned to a related entity, and otherwise  ☒ is not
assignable ☐ is assignable. The terms "Buyer," "Seller" and "Broker" may be singular or plural. This Contract is binding
upon Buyer, Seller and their heirs, personal representatives, successors and assigns (if assignment is permitted).

Buyer (_____) (_____) and Seller (_____) (_____) acknowledge receipt of a copy of this page, which is Page 4 of 5 Pages.

CC-2 © 1997 Florida Association of Realtors. All rights reserved. Licensed to Alta Star Software.
Software and Added Formatting Copyright 2004 Alta Star Software, Inc. All Rights Reserved.  (305) 279-8898

14. OPTIONAL CLAUSES: (Check if any of the following clauses are applicable and are attached as an addendum to this Contract):
☐ Arbitration
☐ Seller Warranty
☐ Section 1031 Exchange
☐ Coastal Construction Control Line
☒ Existing Mortgage
☐ Property Inspection and Repair
☐ Flood Area Hazard Zone
☒ Other *Addendum + Commercial Contract*
☐ Seller Representations
☐ Seller Financing
☐ Other _____
☐ Other _____

15. MISCELLANEOUS: The terms of this Contract constitute the entire agreement between Buyer and Seller. Modifications of this Contract will not be binding unless in writing, signed and delivered by the party to be bound. Signatures, initials, documents referenced in this Contract, counterparts and written modifications communicated electronically or on paper will be acceptable for all purposes, including delivery, and will be binding. Handwritten or typewritten terms inserted in or attached to this Contract prevail over preprinted terms. If any provision of this Contract is or becomes invalid or unenforceable, all remaining provisions will continue to be fully effective. This Contract will be construed under Florida law and will not be recorded in any public records. Delivery of any written notice to any party's agent will be deemed delivery to that party.

THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT. IF NOT FULLY UNDERSTOOD, SEEK THE ADVISE OF AN ATTORNEY PRIOR TO SIGNING. BROKER ADVISES BUYER AND SELLER TO VERIFY ALL FACTS AND REPRESENTATIONS THAT ARE IMPORTANT TO THEM AND TO CONSULT AN APPROPRIATE PROFESSIONAL FOR LEGAL ADVICE (FOR EXAMPLE, INTERPRETING CONTRACTS, DETERMINING THE EFFECT OF LAWS ON THE PROPERTY AND TRANSACTION, STATUS OF TITLE, FOREIGN INVESTOR REPORTING REQUIREMENTS, ETC.) AND FOR TAX, PROPERTY CONDITION, ENVIRONMENTAL AND OTHER SPECIALIZED ADVICE. BUYER ACKNOWLEDGES THAT BROKER DOES NOT OCCUPY THE PROPERTY AND THAT ALL REPRESENTATIONS (ORAL, WRITTEN OR OTHERWISE) BY BROKER ARE BASED ON SELLER REPRESENTATIONS OR PUBLIC RECORDS UNLESS BROKER INDICATES PERSONAL VERIFICATION OF THE REPRESENTATION. BUYER AGREES TO RELY SOLELY ON SELLER, PROFESSIONAL INSPECTORS AND GOVERNMENTAL AGENCIES FOR VERIFICATION OF THE PROPERTY CONDITION, SQUARE FOOTAGE AND FACTS THAT MATERIALLY AFFECT PROPERTY VALUE.

DEPOSIT RECEIPT: Deposit of $ _____
by ☐ _____ check ☐ other _____
by _____ received on _____
Signature of Escrow Agent

OFFER: Buyer offers to purchase the Property on the above terms and conditions. Unless acceptance is signed by Seller and a signed copy delivered to Buyer or Buyer's agent no later than _____ ☐ a.m. ☐ p.m. on _____ Buyer may revoke this offer and receive a refund of all deposits.

Date: *2-12-2007*    BUYER: *S.A.G. Prop...* _____    Tax ID No: _____
Title: *President*    Telephone: *305-970-8044*    Facsimile: *305-256-641 0*
Address: *17120 South Dixie Hwy Miami FL 33157*

Date: _____    BUYER: _____    Tax ID No: _____
Title: _____    Telephone: _____    Facsimile: _____
Address: _____

ACCEPTANCE: Seller accepts Buyer's offer and agrees to sell the Property on the above terms and conditions ( ☐ subject to the attached counter offer ).

Date: *2/12/07*    SELLER: _____    Tax ID No: _____
Title: *Trustee*    Telephone: *305 375 8171*    Facsimile: *305 381 7708*
Address: *25 SE 2nd Avenue Ste 919 Miami FL 33131*

Date: _____    SELLER: _____    Tax ID No: _____
Title: _____    Telephone: _____    Facsimile: _____
Address: _____

Buyer ( ___ ) ( ___ ) and Seller ( W ) ( ___ ) acknowledge receipt of a copy of This page, which is Page 6 of 9 Pages.

The Florida Association of Realtors and local Board/Association of Realtors make no representation as to the legal validity or adequacy of any provision of this form in any specific transaction. This standardized form should not be used in complex transactions or with extensive riders or additions. This form is available for use by the entire real estate industry and is not intended to identify the user as a Realtor. Realtor is a registered collective membership mark that may be used only by real estate licensees who are members of the National Association of Realtors and who subscribe to its Code of Ethics.
The copyright laws of the United States (17 U.S. Code) forbid the unauthorized reproduction of blank forms by any means including facsimile or computerized forms.
CC-2 ©1997 Florida Association of Realtors. All rights reserved. Licensed to Alta Star Software.
Software and Added Formatting Copyright 2004 Alta Star Software, Inc. All Rights Reserved. (305) 279-8898

### ADDENDUM TO COMMERCIAL CONTRACT BETWEEN
### JOEL L. TABAS, TRUSTEE FOR THE BANKRUPTCY ESTATE OF
### MMH AUTOMOTIVE GROUP LLC AND ROD RIFAI OR ASSIGNS

If there is any inconsistency or conflict between the terms of the Commercial Contract and this Addendum, the Addendum shall control.

<u>OBLIGATION TO SELL AND PURCHASE:</u> SELLER agrees to sell to BUYER, and BUYER agrees to purchase from SELLER, that certain real property more particularly described in Exhibit "A" attached hereto and incorporated herein, which consists of approximately 2,726 acres, together with all buildings now or hereafter situated thereon, and all easements, ways, rights of ingress and egress, riparian, mineral, oil and gas, water, and other rights, royalties, and rights of reverter, tenements, hereditaments, privileges, and appurtenances thereto belonging or in anywise appertaining, including, without limitation, all of SELLER's right, title and interest in and to all land lying in any street, road or avenue, open or proposed, adjoining the said lands. All of the foregoing real property is hereafter referred to as the "Property."

<u>BREAKUP FEE CONTINGENCY:</u> The SELLER will seek approval from the U.S. Bankruptcy Court, Southern District of Florida (the "COURT") of a breakup fee in the amount of $10,000.00 (the "Breakup Fee") due to the BUYER if the BUYER is not approved or successful purchaser of the Property. BUYER has represented that $10,000.00 will be the approximate amount that BUYER will expend in conducting his due diligence with respect to the purchase of the Property. The SELLER will seek that any and all subsequent purchase offer(s) on the Property, at the time of the hearing on the approval of the sale described in this Commercial Contract, be required to include the Breakup Fee as part of said offer(s). The SELLER will seek approval to disburse the Breakup Fee to the BUYER within ten (10) days from the Closing Date. The BUYER agrees the should the COURT fail to approve the Breakup Fee, the BUYER shall remain obligated under the terms of this Commercial Contract.

<u>CONDITION:</u> The Property subject to the commercial contract is being sold "AS IS, WHERE IS" condition. The SELLER makes no warranties of any nature whether expressed or implied.

<u>COURT APPROVAL:</u> The terms and conditions of the Commercial Contract are subject to approval by the U.S. Bankruptcy Court, Southern District of Florida, Miami Division.

<u>SELLER OBLIGATIONS:</u> All of the SELLER'S obligations under the terms and conditions of the Commercial Contract are conditioned upon the approval of the U.S. Bankruptcy Court, Southern District of Florida, Miami Division, if necessary.

<u>DISPUTE RESOLUTION:</u> In the event of any disputes arising out of the Commercial Contract, jurisdiction shall be exclusively with the U.S. Bankruptcy Court, Southern District of Florida, Miami Division.

<u>DEPOSITS:</u> All deposited money(s) shall be paid directly to the SELLER to be held in a non interest bearing escrow account by Tabas, Freedman, Soloff & Miller, P.A. until such time as the U.S. Bankruptcy Court approves the sale of the subject property. In the event that the deposit is forfeited by the BUYER(S), pursuant to any of the default provisions of the Commercial Contract, the SELLER shall retain all deposit(s) paid or agree to be paid by the BUYER(S) as agreed upon.

<u>PROPERTY TAXES, LIENS AND ENCUMBRANCES:</u> The SELLER shall resolve any existing liens and encumbrances on the Property in accordance with the lien priority and the provisions of the Bankruptcy Code, pursuant to 11 U.S.C. § 724(b).

<u>MISCELLANEOUS:</u> In the event of an adverse claim of a third party, or a title company requests additional authorization from the Bankruptcy Court for the sale and transfer of the subject property, the SELLER'S obligations hereunder, deadlines, and time for performance shall be abated or suspended until such time as the SELLER resolves said issue or issues. However, said obligations, deadlines, and time for performance shall not be extended more than forty-five (45) days, unless agreed to by the BUYER and the SELLER. In the event the SELLER is unable or cannot obtain the necessary court approval for the transfer of the subject property, this commercial contract for sale and purchase shall be null and void and each party shall bear their respective costs and attorney's fees.

BUYER (____) (____) and SELLER (____) acknowledge receipt of a copy of this Addendum to Commercial Contract.

EXHIBIT "A"

LOT 1, BLOCK 1, ZINN'S PERRINE, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 135, PAGE 69, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

PARCEL IDENTIFICATION NUMBER: 30-5032-052-0010

Mark Atlas, Esq
9130 S Dadeland Blvd #1509
Miami, FL 33156

Kenneth Stein, Esquire
Law Offices of Kenneth Stein
11540 Wiles Rd., Suite 3
Coral Springs, Florida 33076

John W Forehand, Esq
125 S Gadsden St #300
Tallahassee, FL 32301

Roger Slade, Esq
1 Biscayne Tower #2400
Miami, FL 33131

Melinda S Thornton, Esq
111 NW 1 St #2810
Miami, FL 33128

A1 24 Hr Service
18995 SW 288th St
Homestead FL 33030

Ace Tire
6550
NW 82nd Ave
Miami FL 33166

AD Copier
POB 66 9324
Miami FL 33166

Air Equipment Specialties
9721 SW 162nd Ct
Miami FL 31963

Airgas South
9030 NW 58th St
Miami FL 33178

Al s Gas Diesel Machine Shop
9820 SW 168th St
Miami FL 33155

Amelia Jones
12745 SW 257th St
Homestead FL 33032

American National Realty Grp.
7860 Peters Rd.
Suite F 101
Plantation FL 33324

Auto Trader
POB 932207
Atlanta GA 31193

Avis Wiliams
C O HSBC Auto Finance
POB 17911
San Diego CA 92177

Barnes Distribution
Dept Ch 14709
Palatine IL 60055

BellSouth
POB 9004
Renton WA 98057

Bellsouth Regional Bkc Center
301 W Bay St - RM 29EF1
Jacksonville FL 32202

Bennett Aiello Henry
McGuiness LLP
25 Southeast 2nd Ave
1045 Ingraham Blvd.
Miami FL 33131

Blake Chevorlet Cadillac
30401 Soth Federal Hwy.
Homestead FL 33030

Blume Stoddard Attorney
6688 N Central Expwy
Suite 600
Dallas TX 75206

Brothers Auto Transport
831 NW 7th Terr
Ft Lauderdale FL 33311

Caltex Protective Coating Inc
7455 Natural bridge Caverns Rd.
Schertz TX 78154

Capitla Auto Finance
3901 N Dallas Pkwy
Plano TX 75093

Care Pest
12032 SW 132 Ct.
Miami FL 33186

Castellano Appliances
8841 NW 145th Terr
Miami FL 33018

Central Auto Glass
9800 Bachman Rd.
Orlando FL 32824

Cintas Corp.
111 NW 209 Ave.
Pembroke Pines FL 33029

Citibank (USA) N A
Assoc/BP Amoco Payment Center
4300 Westown Pkwy
West Des Moines IA 50266

Classic Soft Trim
POB 844659
Dallas TX 75284

Coastal Security Systems
701 Park Of Commerence Blvd NW
Boca Raton FL 33487

Color All Tehnologies
1520 North Powerline Rd.
Pompano Beach FL 33069

Comp Options Insurance Comp
POB 44291
Jacksonville FL 32231]

Culligan
POB 5277
Carol Stream IL 60197

Daisy Solis
C O Captial One Finance
3901 Dallas parkway
Plano TX 75093

Danny s Dealer Supplies
1037Okeechobee Rd 1
W Palm Beach FL 33401

Dealer Computer Services Inc
c/o David N Harvey Esq
909 Fannin #1225
Houston TX 77010

Dealer Skins
POB 23088
Nashvilee TN 37202

Direct Industrial Supply
POB 2054
Folsom CA 95763

Drive Financial Group
C O Donald E Hill Esq
1700 Renaissance Tower
1201 Elm Street
Dallas TX 75270-2084

Ebiz Autos
3450 Lakeside 304
Miramar FL 33027

Emilio Leon
C O Dominick Sanchez Esq
4211 NW 2nd Terr
Miami FL 33126

Enterprise Leasing Co.
11440 N Kendall Dr
PH 405
Miami FL 33176

Erodita Sanches
C o Powerd 1 Credit Union
2020 NW 150th Ave.
Pembroke Pines FL 33028

FDN Communications
POB 31457
Tampa FL 33631

Federal Express
POB 94515
Palatine IL 60094

Federal Express Corporation
2005 Corporate Ave 2nd Fl
Memphis TN 38132

Flaming Shop Service
205 NE 179th St
Miami FL 33162

Florida Dept Of Agri Consumer
Charles Bronson Comm
The Capital
Tallahassee FL 32399

Florida Dept of Agriculture
Consumer Service
407 South Calhoun Street
Tallahassee FL 32399-6700

Florida Dept of Revenue
5050 W Tenneseeee St
Tallahassee FL 32399

Florida Distributors
3646 23rd Ave 107
Lake Worth FL 33461

FP&L Co
POB 025209
Miami FL 33102

FPL
General Mail Faciltiy
Miami FL 33188

Frank Harris Displays
1151 NW 118th Avenue
Plantation, FL 33323-2523

FreePort Auto
10880 SW 186th St
Miami FL 33177

Global Pest Control
12530 SW 22nd Terr
Miami FL 33175

Goldsmith Atlas PA
Two Datran Center Ste 1509
Miami FL 33156

H H Wrecker
17680 South Dixie Hwy.
Miami FL 33157

Halsey Griffith
1170 NW 163rd St
Miami FL 33169

Hogan Hartson
1111 Brickell Ave.
Suite 1900
Miami FL 33131

Ideal Automotive
6560 Powerline Rd.
Ft Lauderdale FL 33309

Imperial Auto Solvents Inc
95 West Hills Rd.
Huntington Station NY 11746

Jasime Harper
C O Auto Refinance Source
12200 Norhtwest Freeway
Ste 440
Houston TX 77092

JC Mighty Dent Removal
7450 NW 17th St
Apt 303
Ft Lauderdale FL 33313

Jessie Wilson
C O Nuvell Financial Sev.
17500 Chenal Parkway
Ste 200
Little Rock AZ 72223

Jessifca Hernandez
C O Americredit Financial
POB 182974
Arlington TX 76096

Joaguin Graupera
C O Hosuhold Auto Finance
POB 17911
San Diego CA 92177

Joan Williams
C O Americredit Financeial
4001 Embarcadero Dr Ste 200
Arlington TX 76014

John C Allen
Two Houston Center
909 Fannin Ste 122
Houston TX 77010

John Sacco
18010 SW 136th Ave
Miami FL 33177

Jordan Body Shop
10475 SW 186th Lane
Miami FL 33157

Josefa Novoa
C O Summit Financial
100 NW 100 Ave.
Plantation FL 33324

Kent Automotive
POB 221406
Cleveland OH 44122

Kressee Associates Inc
300 Courthouse Tower
44 West Flagke
Miami FL 33130

Laura M Mallary
C O Wells Fargo Financial
2501 Seaport Drive Bh300
Chester PA 19013-1510

LQK Corporation
7295 Waeli Drive
Melbourne FL 32940

Luis Caceres
C O Pam Am Horizon CU
5820 Blue Lagoon Dr.
Miami FL 33126

M Firenza
C O Centrix Fiancial
6782 S Potmac Street
Centennial CO 80112

Manheim Auctions FL Auto Auction
11801 West Colonial Drive
Ocoee FL 34761

Manheim Auctions Greater Tampa
401 South 50th St
Tampa FL 33619

Manheim Auctions Lauder Miami
5353 South State Rd 7
Davie FL 33314

Manheim Auctions West Palm Beach
600 Sansbury Way
West Palm Beach FL 33411

Manheim Auticons Central Florida
9800 Bachman Rd.
Orlanod FL 32826

Mark Kinard
20200 SW 80th AVe
Miami FL 33189

McGard Inc.
3875 California Rd.
Orchard Park NY 14127

McKeon Distributors
1901 Pierce St.
Hollywood FL 33020

Miami Dade Water Sewer
POB 026055
Miami FL 33102

Miami-Dade County Tax Collector
140 W Flagler St # 1403
Miami FL 33130

Micheline Ducena
17781 SW 113 Ave.
Miami FL 33157

Midtown Towing
551 NW 72nd St
Miami FL 33150

Mintons Auto Parts
13060 Cairo Ln
Opa Locka FL 33054

Miranda Wilson
C O Naural Auot Finace
17796 American Hertiage Life
Jacksonville FL 32224

~~Antonio L. Argiz~~
~~Morrison Brown Argiz Comp~~
~~1001 Brickell Bay Drive~~
~~9th Floor~~
~~Miami FL 33131~~

Nuvox Communications of FL
POB 580010
Charlotte NC 28258

Office Depot
POB 66510
Houston TX 77266

Pathman Lewis LLP
One Biscayne Tower
2 South Biscayne
Miami FL 33131

Pitney Bowes
POB 856042
Louisville KY 40285

Pollution Elimination Corp.
10762 SW 188th Street
Miami FL 33157

Rafael Gonzales
C O national Auot Finace
17500 Chenal Parkway STe 200
Little Rock AZ 72223

Ray s Trim
10636 SW 185th Terr
Miami FL 33157

Reynolds Reynolds
POB 77061
Detroit MI 43277

Safe Guard Products
3500 Piedmont Rd NE, Suite 400
Atlanta GA 30305-1503

Sahana Parsard
C O Americredit Financial
POB 182974
Arlingnton TX 76096

Santex Corporation
14780 SW 136th St
Miami FL 33196

Showroom Promotion Inc
2319 Swanson Ave.
Miami FL 33133

Simbas Towing
12684 SW 8th St
Miami FL 33184

South Motors
BMWHonda Suzuki
16185 South Dixie Hwy.
Miami FL 33157

South Motors Collision Center
16165 South Dixie Hwy.
Miami FL 33157

SouthEast Towing
13905 SW 252 St.
Princeton FL 33032

Staples
POB 530621
Atlanta GA 30343

Suzette Kairuz
C O Suntrust Bank
POB 4986
Orlando FL 32802

Tania Rodriguez
C O Bank One
14025 Riveredge dr.
Ste 170
Tampa FL 33637

Tanmner L Davis
C O Hosuehold Auto Fin.
POB 17911
San Diego CA 92177

The Apex Group
2203 Timberlock Pl
Suite 238
The Woodlands TX 77380

The Flyer
POB 339
Brea CA 92822

The Miami Herald Publishing Comp.
C O Garry J Alhalel PA
1045 Ingraham Building
25 SE 2nd Avenue
Miami FL 33131

Total Lawn Care
14825 SW 71 Terr.
Miami FL 33193

Trader Publishing Co
POB 17359
Clearwater FL 33762

Trader Publishing Company
8782 Nw 18th Terr
Miami FL 33172

United Advertising Media
3351 Commerce Parkway
Mirmar FL 33025

United Parcel Service
POB 7247 0244
Philadelphia PA 19170

United Radio Service
5703 Enterprise Pkwy
East Syracuse NY13057

Universal Computer Network Inc
POB 4346 Dept 536
Houston TX 77210

Universal Computers Consulting
POB 4346 Dept 536
Houston TX 77210

Universal Enterprises
1900 Summit Blvd.
Suite 200
Orlando FL 32810

US Bancorp
POB 790448
St Louis MO 63179

Wasser Agency Inc
13615 S. Dixie Hwy, #560
Miami, Florida 33176-7254

Wells Fargo Leasing
POB 98789
Las Vegas NV 89193

Wheel Deco Corp.
4250 SW 74th Ave
Miami FL 33155

Wurth USA Inc.
POB 1756
Newark NJ 07101

Yasmin Figueroa
C O HSBC Auto Finance
6602 Convoy Ct.
San Diego CA 92111

Zarifa Portillo
C O Nuvell Financial Sev.
17500 Chenal Parkway
Ste 200
Little Rock AZ 72223

Office of the US Trustee
51 SW 1 Ave #1204
Miami, FL 33130

Metro-Dade Bankruptcy Unit
111 NW 1 St 26 Fl
Miami, FL  33128

Florida Department of Revenue
POB 6668
Bankruptcy Division
Tallahassee, FL  32314-6668

~~Gregory M. Garno, Esquire~~
~~Genovese Joblove & Battista, P.A.~~
~~100 S.E. Second St., 44th Floor~~
~~Miami, FL 33131~~

John B. Hutton, III, Esquire
Greenberg Traurig, PA
1221 Brickell Ave.
Miami, FL 33131-3224

James Schwitalla, Esquire
James Schwitalla, P.A.
12954 S.W. 133r Court
Miami, Florida 33186

Bruce M. Boiko, Esquire
Adorno & Yoss, LLP
2525 Ponce de Leon Blvd.
Suite 400
Miami, Florida 33134

Antonio L. Argiz, C.P.A.
Managing Partner
Morrison, Brown, Argiz & Farra, LLP
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131

Ralph Sam
c/o Gregory M. Garno, Esquire
Genovese Joblove & Battista, P.A.
100 S.E. Second St., 44th Floor
Miami, FL 33131

~~Global Automotive Group, LLC~~
~~c/o Gregory M. Garno, Esquire~~
~~Genovese Joblove & Battista, P.A.~~
~~100 S.E. Second St., 44th Floor~~
~~Miami, FL 33131~~

~~G.A.G. Realty, Inc.~~
~~c/o Gregory M. Garno, Esquire~~
~~Genovese Joblove & Battista, P.A.~~
~~100 S.E. Second St., 44th Floor~~
~~Miami, FL 33131~~

R&E Environmental Systems, Inc.
c/o Gregory M. Garno, Esquire
Genovese Joblove & Battista, P.A.
100 S.E. Second St., 44th Floor
Miami, FL 33131

Hassan Hessein
c/o Gregory M. Garno, Esquire
Genovese Joblove & Battista, P.A.
100 S.E. Second St., 44th Floor
Miami, FL 33131

Dealer Computer Services, Inc.
c/o John Allen, Esquire
Two Houston Center
909 Fannin, Suite 1225
Houston, Texas 77010

Dr Vinyl
2009 NE 160th Street
North Miami Beach FL 33162-4913

Leyza F. Blanco, Esquire
Katz, Barron, Squitero, Faust
2699 S. Bayshore Drive, 7th Floor
Miami, Florida 33133

~~Craig Vincent Rasile, Esquire~~
~~Hunton & William, LLP~~
~~1111 Brickell Avenue~~
~~Miami, Florida 33131~~

Charlies Auto Glass
7051 SW 12th St
Miami FL 33134

All Building Cleaning Corp.
9030 NW 58th Street
Miami FL 33178

BP Amoco
POB 9076
Des Moines IA 50368

David Silva
C O Onyx Acceptance
1186 W Newport Center Dr
Deerfiled Beach FL 33442

Vivian Sosa
C O Bank of America
4161 Piedmont Parkway
Greensboro NC 27407

Lewis Longman Walker PA
POB 10788
Tallahassee FL 32302
Miami FL 33131

Miami Dade County
Tangible Personal
need comp
DD

National Cinema Network
POB 930456
Kansas City MO 64193

Comfort Zone Air Conditioning
POB 972618
Miami FL 33197

European Auto Interiors Inc
3291 SW 38th Ct
Miami FL 33146

MMH Automotive Group LLC
c/o Hassan Hessein
2901 Stirling Rd
Ft. Lauderdale, Florida 33312

Mark Hessein
2901 Stirling rd.
Suite 200
Ft Lauderdale FL 33312

Martino Tire Company
13155 SW 132nd St
Miami FL 33186